795 F.2d 85
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DEREK A. FARMER, Plaintiff-Appellant
v.
STEVE T. DILLION, INDIVIDUALLY AND AS ADMINISTRATIVE
ASSISTANT, Defendant-Appellee
 No. 85-3909.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1986.
 
 1
 BEFORE: ENGEL, KENNEDY and MILBURN, Circuit Judges
 
 ORDER
 
 2
 Farmer moves for counsel on appeal from the district court's judgment dismissing his prisoner's civil rights case. After an examination of the record and Farmer's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Farmer is a prisoner at the Southern Ohio Correctional Facility in Lucasville, Ohio. The defendant is an official at the prison. Farmer alleges that the prison officials ordered him to send most of his legal materials out of the prison to his friends or relatives. Rather than retain specifically needed documents in his cell, Farmer sent all of his legal materials to the district court in Dayton, Ohio.
 
 
 4
 Farmer then sued the defendant, claiming denial of his right of access to the courts. He also raised an issue that the prison officials were unconstitutionally "shooting drugs" into unruly prisoners to subdue them. The district court held that Farmer's right of access had not been denied and that he must specify someone to receive the documents within sixty days or they might be destroyed.
 
 
 5
 An inmate does clearly possess a first amendment right of access to the courts. Patterson v. Mintzes, 717 F.2d 284, 288 (6th Cir. 1983). This first amendment right may be restricted for legitimate penological objectives, but the limitation must be by the least intrusive method. Id. at 289.
 
 
 6
 In the present case, the prison officials did allow Farmer to retain some legal documents in his cell. He was also allowed to request the return of specific legal documents necessary for specific cases. On these facts, we agree with the district court that there has been no denial of Farmer's right of access to the courts.
 
 
 7
 Concerning Farmer's allegations about forcible injection of drugs into unruly inmates, it appears that Farmer lacks standing to make this claim. To satisfy the requirement of Art. III of the Constitution, a plaintiff must allege an actual case or controversy and threatened or actual injury to himself. O'Shea v. Littleton, 414 U.S. 488, 493 (1974). In the present case, Farmer has not shown any threatened injury to himself that would give him standing to raise this issue.
 
 
 8
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.